Mr. Yonai, please proceed. Thank you. May it please the Court, Guy Yonai from Procon for the appellants. This appeal presents two independent issues. The first is the Board's conflicting interpretations of an additional transport block size for purposes of prior art versus written description. It's either two or it's one. It can't be both. And if two transport block sizes are required to be transmitted in the first message, there is no written description for that in the specification. On the other hand, if only one is required, as disclosed in the specification, if at all, the claims are obvious. If the first is the case, they lack written description support, then a reversal is required. And if the Board applied an incorrect interpretation for the obviousness analysis, a remand is required. And the second independent issue, which has nothing to do with the transport block size issue, is the dependent claims 69 and 77 with the another message and the message preceding the another message that I'd like to get to, which also lack written description, and that requires a reversal. So I'd like to start with the issue of the independent claims. And by the way, these were amended claims, and so it was Sisvell's burden to demonstrate that they satisfy the requirements of Who was Sisvell? I'm sorry, 3G. I see 3G. And who was Sisvell? I believe it's just a trade name for 3G. It's one and the same, I believe. This is a network of patents that are being asserted by a single entity called Sisvell, and I think 3G is just a corporate name of theirs. We've taken to calling them Sisvell, and I hope nobody's offended by that. So it was the patent owner's burden to show that the claims are supported based on 37 CFR 42, 121, 51, etc. And they have claimed that the claims require a first message to simultaneously include two transport block sizes, even though the claims don't say that. The only transport block size mentioned in the claims is this one additional transport block size. But the board adopted Sisvell's interpretation and faulted the prior art for not disclosing a transport block size to which the additional block size was additional. So are you focused on claims 66 and 74 now? Please help me ground your argument, because we've got different claims. Yes, you are. I'm referring to the independent claims in the revised motion to amend claims 66 and 74. Okay, so you're not talking about 69 and 77 now, you're talking about 66 and 74. Yes, I would like to get to those dependent claims later. I've gone back to talking about the independent claims. I just want to make sure. So the specification, including the portions of the specification that the board cited for support, does not talk about transmitting two transport block sizes. In column 10, in column 8, it talks about an increased message block size or a larger block size, but nowhere does it talk about transmitting two transport block sizes. When you point out that the burden was on, here, the movement of Sisvell on the amended claims, does that mean that the board is limited to looking at the portions of the written description that the movement expressly called out, or is the board free to look at the entire written description and search for whether, as a factual matter, there's adequate written support? I would say it is their burden in the motion. I have the CFR here, and I believe the motion must cite to the portions of the specification. So in your view, is the board to ignore what it sees in the written description if it's not specifically called out in the motion? I don't believe that was the case here, that the board referred to portions of the specification that Sisvell did not cite. So the board didn't go beyond what was cited by that. I thought you had argued that they did, but that's my mistake. No, the column 8 and column 10 that I refer to now are cited in Sisvell's briefing, and those do not support two transport block sizes. When it came to the prior art analysis, the board, though, despite the fact that the specification did not disclose these two transport block sizes in a single first message, the board adopted a very narrow interpretation of the additional transport block size and required the prior art to show transmitting two transport block sizes in a single first message. And that is in contrast to how it handled the original claims. The original claims, which have been invalidated, refer to an additional transport format information, and for those claims, the board looked at the prior art that set one RLC size in the technical specification and said that suffices for the additional transport format information, and yet when we get to these amended claims, suddenly additional means two of these. So that's just in terms of how it handled the word differently, although in a slightly different phrase. And by the way, those original claims are not on appeal, the invalidation of those claims has not been challenged, and the board's finding that it would have been obvious to increase the message size, that's at appendix 50-51, has also not been challenged. The way I read the board's rejection of your written description argument was that you narrowly argued essentially that the written description support for the new claims had to be in hoc verba, had to be essentially verbatim what the claims recite, and the board, I think, correctly rejected that argument, and they didn't really see anything else to your argument. What is wrong with that reading of what the board said? Well, firstly, again, this was Fisfall's burden, so by saying they haven't carried their burden, it wasn't the petitioner's burden to show there was no support. We said they had not made out a case for support, and so they failed to carry the burden. And I think the... I mean, that was the problem here. We said they haven't made a case for support, and so they failed to carry the burden. It wasn't our burden to prove there was no written description support. The other error in the board's prior art analysis was that the board strictly required the transport block size to be actually transmitted. And that's something that's really surprising, because the board agreed, even CISPL agreed, that the prior art disclosed transmitting an RLC size in this first message, and that's very, very closely related to the block size. Sometimes you add a header to that packet, sometimes you don't. But in many instances, the transport block size is identical to the RLC size. And so we have the prior art that says that the base station sends the RLC size to the mobile, and the mobile sets the transport block size equal to the RLC size. And yet, the board said, no, no, no, a calculation is insufficient. So, first of all, setting one thing equal to another is not a calculation. That's not an arithmetic being calculated. If I'm driving on the highway, and I see a sign that says speed limit 60 miles an hour, and I set my cruise control to 60 miles an hour, I haven't done any arithmetic. That's not a mathematical calculation. And that's exactly what's going on here. That is not calculating the same numbers being transmitted. So, for one thing, that's anticipated, because the same numbers actually sent. But secondly, the board also ignored evidence that it would have been obvious to do that. We had our expert, Dr. Olivier, testify that sending a transport block size in lieu of the RLC size would have been trivially obvious. That's at Appendix 3140, and the board did not consider that evidence. And, in fact, the embodiments in this specification, almost all, I would say all, because those are the ones that I could figure out, but I don't want to be too categorical about it, but they refer to indicating to the mobile that it is permitted to use a larger transport block size. For example, the third embodiment, the first embodiment, for example, column 13 lies 10 to 17, other places. The specification itself does not make this distinction that the board found critical. So the disclosure of the prior art is commensurate to the scope of the claims here. I want to touch upon the... Are you going to talk about the dependent claims? Yes, I would like to move to that. Yes, thank you, Your Honor. I would like to turn to those. These claims 69 and 77 introduce two additional messages, the another message and the message preceding the another message. The only... And the another message omits start values because those were transmitted in the preceding message. The only disclosure, there's no dispute, that the only disclosure for that another message that omits these values is the RRC connection request, which is the first transmission in Figure 15. The second transmission in Figure 15 is the connection setup. That's the first message. And then the last of the transmissions in Figure 15 is the connection setup complete. That's the second message. And so the only disclosure for this another message is one that precedes the first message. And yet the claims, when you trace through the dependencies, require that the base station tell the mobile, you can use this new format. And the new format is omitting this information. So the claims require that this another message must come after the first message because that's the message that tells the mobile that it can use this new format. So there's this irreconcilable paradox between the disclosure of the specification that requires another message to precede the first message and the claims that require this another message to come after the first message. And that, as I said, requires a reversal because, again, the amended claims were not supported by the specification. Are there questions as I reach the end of my time? Okay, we'll save the remainder of your time for rebuttal. Thank you, Mr. Rice. Thank you, Your Honor. Alan Wright, Dublin Law Firm for the Appellee 3G. May it please the Court, we agree that there are two basic arguments here, although there are a lot of sub-arguments under each. One is with regard to the 112 first paragraph support for the various claims, both the independent claims as well as the defendant claims. And then there is the issue regarding whether or not the Board erred regarding the prior art in applying the claim instructions. Thank you for that summary. If you don't mind, I'd like to ask you to start with whether there was written description support for the dependent claims, Claims 69 and 77, I believe. Certainly, Your Honor. And in particular, the Board's conclusion regarding whether the steps in those claims needed to be performed in the order in which they were articulated, or could they be taken out of order. Would you mind starting with that argument? Not at all, Your Honor. So the basis for the dependent claims is in what has been referred to as the fourth embodiment, and also figure 15, which supports the fourth embodiment. And what you'll see in figure 15 is essentially there are a number of transmissions that go back and forth between the UTRAN, which is the network, and the UE, which is the user device. And you will see on there that there are three transmissions. The first is the RRC connection request that goes from the UE to the UTRAN. You will see there is an RRC connection setup transmission from the UTRAN back to the UE, and there is an RRC connection setup complete transmission back to the UTRAN again. There is also an initial direct transfer message that is sent from the UTRAN to the UE that is not part of figure 15, but it is disclosed in the patent specification. Specifically, I can tell you where that is. It's column 13. Column 13, and if you look specifically at the fourth embodiment, it says it talks about start values are also transmitted in the initial direct transfer message. So there is an initial direct transfer message. I don't believe that that's...  You're maybe a little too in the weeds for me. Am I right in concluding that the board found that these steps did not have to occur in order, and in particular, the first message from independent claim 66 didn't necessarily have to be first in time? Yes. Is that a correct assessment? That is correct. Okay. So the board found they don't have to occur in order, right? First and second were delineators that separated the two messages. There was a first message. There was a second message. There was then the additional language about another message. So the board found these steps don't have to occur in order. Correct. And just to be clear, I mean, I realize these are nested dependent claims, but I started from a position that neither of you argued, which is we have case law that says in a method claim, the steps don't have to be performed in order. There's a presumption, in fact, that they don't have to be performed in order. So you all didn't start with that in your briefing, but that's where I started when I looked at this issue. Okay. So then if the steps don't have to be performed in order as the starting point, we, though, have case law that says unless there are indicators within the claims themselves that suggest they do have to be performed in order, like, for example, the word first or second. We actually have cases that you all didn't cite them to us, but we have cases that talk about how those kinds of words actually have to be given meaning in determining sequencing and order. So why is the board correct that despite terms like first and second, we can take those things out of order? Certainly, Your Honor. And I believe the case law that discusses... And I would have loved it if you all had actually written in your briefs what I just did, and neither of you did. Certainly, Your Honor. I understood. I correct that there are method claims, and they don't necessarily have to be in a certain order unless there is information in the claim or something in the specification that says that they do have to be in order. The first and second, there's nothing in the claims directly that says the first and second have to be in a specific order. They were simply delineated as such. Well, except the words first and second, right? But in that particular case, those first and second messages are in a certain order. There was a first and a second there. But as far as another message and the preceding another message, there was nothing. They didn't say third. They didn't say fourth. They didn't claim those messages as having a specific number. So our position is, and the board found, that that could be... What about antecedent basis? Is there antecedent basis in those limitations referring back to the things that already occurred? Because antecedent basis is one of the many things that we've said overcomes the presumption in method claims. I'm a little worried because I think there is antecedent basis here, and that's causing me pause about the board's decision that you could take these things out of order. Certainly, Your Honor. So Claim 69, looking at Claim 69, for example, it says wherein the new message format adapts a message format by omitting data, wherein another message is transmitting using the adapted message format. That certainly indicates that there is some relationship between the new message format and the another message format using the adapted message format. As far as the first and second message, I don't believe that there's an antecedent there as far as there's first and second, but I believe that's only to delineate between the two messages. In fact, they do follow based on Figure 15. But the another message and the preceding message do not necessarily have any antecedent relationship with the first and second message. Are you saying there is some restriction on the order of these four messages, that is, the first has to come before the second, but the first and second together can come after the other two messages? Is that your position? That's correct, Your Honor. I think that's a fair summary. Are you arguing that the, quote, second message can come before the first message? I don't believe so, Your Honor. The second message would come after the first message. It's just where those two end up relative to the other two messages. That's correct, Your Honor. Okay. Thank you. So I think I addressed Your Honor's question. Well, not really, because I'm looking at the claims. And 66 says in it at least one available configuration, and then 68 says we're in the at least one available configuration predefines configuration mode. Don't you agree that Claim 68 depends on 66 and the the at least one available configuration has to refer back to Claim 66 for antecedent basis? Yes, Your Honor. That's correct. Okay. So we have order there, right? Yes, Your Honor. And then we have Claim 68, which also says a predefined configuration mode. Then you have Claim 69, which depends on 68 and says the predefined configuration mode. So, again, isn't that antecedent basis referring back? Yes, Your Honor. And I think as... So why don't they have to be performed in order? The first, if I understand your question correctly, the first and second messages do have to be performed in that order. And, excuse me, I'm trying to get to Figure 15. So if you're looking at Figure 15, you're going to receive information in the RRC connection setup indicating the available PRACH configurations. So you are receiving information at that point from the UTRAN at the UE saying that there are certain configurations that you can use. You can use the legacy configuration or you can use this new configuration, which includes the larger block size. The RRC connection setup complete message, which is the second message, returning back to the UTRAN, will use that specific information regarding the configuration setup. So in that regard, those two are in order because in order for the UE to send the connection setup complete message back to the UTRAN, it must have decided and selected which of the available PRACH configurations it's going to use. The connection setup in the initial transfer... Okay, let me just try and see if I can explain precisely what my problem is. The board found RRC connect request is, quote, another message, end of quote, right? That's correct. Okay, but the claims require the, quote, another message be transmitted using the adapted message format. Is that fair? Do you agree with that? I mean, I think that's what the claims expressly say, so I'm not sure how you can not agree with that. Yes, that's correct. Okay, so then once you agree with that, the problem is the adapted message format. This is not sent to the UE until the RRC connection setup, i.e. the first message. So I think that we have some inherent ordering in the language of the claims based on the another message, which has to be transmitted using a particular format, and that has to occur after. I don't see how that could occur before, even though it doesn't say third, right? It doesn't say third message. When it says another message, because of the format it uses, I think inherent in the architecture, it has to come after, and that's what's concerning me, and that's what I think the board didn't properly address. That's the problem I'm having. I understand your honor. I'll be honest with you, it's the only problem I'm having with the case. So if we spend all our time on it, you're going to be just fine with me. Right. You know, so you don't have to worry about all the other stuff, but I am having a problem with this part. Sure, I understand your honor. My understanding is that the messages one and two require a certain order. The another message and the preceding message, my understanding is that did not require this specific order, that it could be a different order, but I do understand your position regarding that another message is transmitted using the adapted message format, which does. It's not my position. That's what the claim says. That's what the claim says. It's not position, it's claim language, and that to me suggests an ordering that is required that wasn't addressed by the board. Now, if that's what's troubling me, tell me what the result is. Do I vacate and remand for the board to reconsider in light of that, or do I reverse outright because I'm not sure that the reference, I'm not sure. I think it might answer the written description question. I think the written description shows that there are several messages that go on there. I certainly understand your concern regarding that, and I would think that that is something that would require a remand to the board if there was a problem with that particular. Why would it be a remand and not a reversal? Because we all agree that the specification discloses messages. It seemed to me the board's finding was it didn't require the ordering. And so if the messages are there and they're allowed to be taken out of order, why isn't this a reverse on this written description issue? I think that the issue is that they added another message in the preceding message. I think the board focused on the earlier RRC connection request in the initial transfer message, which is not shown in Figure 15. But I believe that the support is there for the four different messages, Message 1, Message 2, 3, and 4. I see your concern regarding the ordering of them and the claim language, but I believe that if you had the RRC connection request, if you had another message later, you could still have another message that is using this adapted message format. I don't know that it's necessary. I don't know if perhaps the board just misspoke when it was talking about that particular message as being the other message, or if there is enough support here for another message even after this that would use the corrected form. So just to be clear, so you're arguing, you see my concern about the antecedent basis and how the messages are generated, and you see how that causes me some concern with the board's conclusion about the ordering of the steps. But what you're saying is there may still be a basis for the board to come out the same way, so even if I have that problem, the right solution is for me to remand, for the board to take a fresh look, and not for me to reverse outright unwritten description. Is that fair? I think that's correct, Your Honor. My understanding is that the way that the messages were set up, and this is regarding the various start values that are involved in the exchange of these messages. And so I think what the board was recognizing is that the specification of the patent says that you can have, you can omit certain start values if they're unnecessary. And I think the board understood that that could go either way. There's a recognition that old start values and new start values. I hear what you're saying. You might be right that the board didn't make those fact findings. And so that is a finding of fact, and I can't do that in the first instance, right? So the best case scenario is for me to remand and let them figure that out. I think that's right, Your Honor. My understanding of it is that the another message and the preceding message, preceding the another message could be before, and the board may have stated that, but it could also be afterwards. But let me ask you something, because he's going to say this when he gets up, and I don't want you to have a chance not to address it. It's your burden. This was your burden. You amended these claims. It was your burden to show this to the board. The argument you're making now about how the board might have been able to find written description support, I don't think is tethered to the argument you made to them when you amended your claims. So is it still a reverse or a remand when you had the burden and when the argument you're making right now may or may not be correct, but it wasn't the argument you made to the board and you had the burden? What do I do with the burden piece? Understood, Your Honor. I think that we did make the argument to the board that the omissions weren't set in time. If there was an understanding that values were going to be either a prior message or a later message, they don't have to be placed in the message that's immediate. But I see what you're saying as far as I think we did make that argument. I think the board was looking at the earlier. It was looking at Figure 15 and perhaps looking at these. So tell me, as best as you can recollect, where do you think you made that argument? Because if you made even a sniff of that argument, I'll give you a remand on this rather than a reversal. I'm only speaking for me. I don't speak for the panel. Certainly. Because if you even made a whiff of an argument, I'm willing to say send it back and let the board because sometimes the board can say, look, here we think there's a description of support, but if it turns out that they're wrong, maybe they just didn't address the other places that you argued. You know what I'm saying? If they found it in one place, they might not have addressed it in others. For example, I would point you to pages 43 and 44 of the red brief where there were discussions regarding these various messages and where they were found, the sequence of them. And I would point out that there's also a statement where we have, this is pages 40 and 41 of the red brief, where essentially there's a discussion here, and I realize this is dealing with the standards themselves, but it's talking about the fact that the disclosure supports not only that the most necessary data may be contained in a message preceding a message from which it's omitted, but also the most necessary data may be contained in a message following a message from which it's omitted. And I believe that argument, we show in the appendix 4384, which is where we cite it to this particular portion of the standard, and I believe appendix 1077 is where we explain that same point. Anything further? Just one real question. At 42 of your brief, you say certain arguments were forfeited related to claims 69 and 77. Just help me understand what you think was forfeited in connection with these. So again, I point to a couple of things here regarding, essentially, Petitioner had agreed with our position regarding the various messages, and you can see that in pages 43 through 44, where we've set up Petitioner's position on that. But also, I think that there's a new argument here regarding, it involved Dr. Olivier, I believe is how he pronounces his name, and there were arguments there. Just let me ask you this. Did your forfeiting argument go to this ordering of the steps question that I have? I don't believe so. Okay. Thank you. Thank you for your argument.  You have some rebuttal time. Yanai? Did I say it right? Yanai. I got it wrong both times. Mr. Yanai, you have three minutes left. He went over, which means you have more than that, but I do want you to know your rebuttal has to be limited to what he addressed, which was written description on the dependent claims. By virtue of our oral argument rules, you can't go beyond that one issue. You can't talk about obviousness, because he didn't talk about obviousness. So go ahead. Limiting my comments to the dependent claims, then. We tried to point out in the briefs exactly this sort of causal connection created by the antecedent basis for the new configuration that's indicated in the first message that requires the another message to come afterward. I won't kick that horse. I think it's quite dead, but we think it's important. I certainly agree there's an irreconcilable conflict between the specification, the order required by the specification, and the order mandated in the claims. Anything further, then? No. If you have questions, I think arguments on that are pretty clear, and I think the court has understood them. Okay. Thank both counsel for their argument. This case is taken under submission. Thank you.